I must respectfully dissent from the decision reached by the majority.
Although I understand that the trial court was valiantly attempting to reach an equitable result with regards to real property at issue between the parties, the trial court did not have authority to simply change the boundary lines between properties without the benefit of ordering partition. (See R.C. 5307, et seq.). In merely requiring that appellant give appellee sufficient property to include the garage and porch as part of the property distribution between the parties, the trial court failed to consider the resulting devaluation of appellant's real property and consequently, the reduction in her overall marital property distribution.
More appropriately, the trial court could have determined that the parties made a mutual mistake concerning the division of the real property owned jointly by them, ordered a partition of the property in question or re-evaluated the property award to each party in consideration of a decrease or increase in value to the current distribution. The trial court did not have authority, even in equity, to simply order an alteration of existing real property boundary lines that are recorded and have existed for sixty years.
As such, I would reverse the trial court's judgment and remand this matter for further proceedings.
APPROVED:
 __________________________________ EDWARD A. COX, PRESIDING JUDGE